**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

NELLO P.,

                        **Plaintiff,**

v.

                                                                          **20-CV-6603**

**COMMISSIONER OF SOCIAL SECURITY,**

                        **Defendant.**

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. No. 11. Nello P. ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for benefits. This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 10, 12. For the following reasons, Plaintiff's motion (Dkt. No. 10) is denied, and the Commissioner's motion (Dkt. No. 13) is granted.

## BACKGROUND

On August 5, 2016, Plaintiff filed for Social Security Income ("SSI") alleging disability beginning on March 10, 2003, due to post traumatic stress disorder, depression, anxiety, panic attacks, and undiagnosed irritable bowel syndrome. Tr. at

180-85, 201.[1]  Plaintiff's claim was denied at the initial level and she requested review.  Administrative Law Judge Andrew J. Soltes, Jr. ("the ALJ") conducted a hearing on February 25, 2019.  Tr. at 31-86.  Plaintiff, who was represented by a non-attorney representative, testified as did a vocational expert ("VE").  Tr. at 31-86.  The ALJ issued an unfavorable decision on May 1, 2019.  Tr. at 13-30.  The Appeals Counsel denied Plaintiff's request for review making the ALJ's decision final.  Tr. at 1-6.  This action followed.

## LEGAL STANDARD

**Disability Determination**

A person making a claim for Social Security benefits bears the ultimate burden of proving disability throughout the period for which benefits are sought.  *See* 20 C.F.R. § 416.912(a); *Schauer v. Schweiker*, 675 F.2d 55, 59 (2d Cir. 1982).  The claimant is disabled only if he shows that he is unable to engage in any substantial gainful activity due to any medically determinable physical or mental impairment which has lasted, or can be expected to last, for a continuous period of at least 12 months.  42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.909; *see Barnhart v. Walton*, 535 U.S. 212, 216-22 (2002).

A disabling physical or mental impairment is an impairment that results from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §

---

[1] Citations to "Tr. __" refer to the pages of the administrative transcript, which appears at Docket No. 9.

1382c(a)(3)(D).  To establish disability, a claimant must "furnish such medical and other evidence of the existence [of disability] as the Commissioner of Social Security may require."  42 U.S.C. § 1382c(a)(3)(H)(i).  The function of deciding whether a person is under a disability within the meaning of the Act belongs to the Commissioner.  20 C.F.R. § 416.927(e)(1); *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997).

The Commissioner has established a five-step sequential evaluation for adjudicating disability claims set forth at 20 C.F.R. § 416.920.  The claimant has the burden at the first four steps.  The Commissioner has the burden at the fifth step of demonstrating that the claimant can perform other work existing in significant numbers in the national economy, but the burden of proving disability is always on the claimant.  *See* 20 C.F.R. § 416.920; *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (stating that "[t]he claimant bears the ultimate burden of proving [disability] throughout the period for which benefits are sought") (citation omitted).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2007).  Section 405(g) limits the scope of the Court's review to two inquiries:  whether the Commissioner's conclusions were based upon an erroneous legal standard, and whether the Commissioner's findings were supported by substantial evidence in the record as a whole.  *See Green-Younger v. Barnhart*, 335

F.3d 99, 105-106 (2d Cir. 2003).  Substantial evidence is "more than a mere scintilla." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (emphasis added and citation omitted).  The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard.  *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (*quoting Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).  If there is substantial evidence for the ALJ's determination, the decision must be upheld, even if there is also substantial evidence for the plaintiff's position.  *See Perez v. Chater*, 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015).  Likewise, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**DISCUSSION AND ANALYSIS**

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claims using the familiar five-step process. *Lynch v. Astrue*, No. 07-CV-249-JTC, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 5, 2016, the application date.  Tr. at 17.  The ALJ concluded at step two that Plaintiff's post-traumatic stress disorder, depressive disorder, anxiety disorder with panic attacks, irritable bowel syndrome/diverticulitis, vertigo, obesity, and history of right shoulder disorder were severe impairments.  Tr. at 17.  At step three, he concluded that Plaintiff did not have an impairment or combination of impairments which met or equaled the Listings.  Tr. at 18-19.

The ALJ found that Plaintiff retained the RFC to perform light work as defined in 20 CFR § 416.967(b), except she can perform frequent reaching with the upper right extremity, occasional stooping and crouching, no kneeling or crawling, no climbing ladders, ropes or scaffolds, and no work at unprotected heights.  She should avoid the use of heavy machinery and have no use of a motor vehicle for work purposes.  She is limited to low stress occupations, defined as involving simple routine tasks; basic work-related decisions; and rare changes in the workplace setting.  She can have occasional, superficial interaction with the public and occasional interaction with coworkers and supervisors.  Tr. at 19.

The ALJ found that Plaintiff has no relevant past work. Tr. at 24. Relying on the VE's testimony, the ALJ found that Plaintiff could perform work existing in significant numbers in the national economy, including work as a produce weigher, routing clerk, and cleaner/housekeeper. Tr. at 25. Accordingly, the ALJ determined that Plaintiff had not been under a disability as defined by the act since August 5, 2016, the application date. Tr. at 25.

**Judgment on the Pleadings**

As noted above, the parties have cross-moved for judgment on the pleadings. Dkt. Nos. 10, 12. Plaintiff argues that the ALJ erred in weighing the opinion evidence (in particular the opinions of consulting examiner Harbinder Toor, MD and treating source Aliciea A. Reeves, RPA-C) and in evaluating Plaintiff's subjective statements. This Court disagrees. Having reviewed the record in its entirety, this Court finds that the ALJ did not err in reaching his decision and that the RFC was substantially supported.

**Dr. Toor's Opinion**

Dr. Toor examined Plaintiff on October 13, 2016. Tr. at 316. He opined that Plaintiff had moderate limitations for pushing, pulling, and lifting with the right shoulder, and mild to moderate limitations for standing, walking, and sitting. Tr. at 23, 319. He noted that Plaintiff's abdominal pain and diarrhea interfered with her daily routine, and that her migraine headaches or vertigo "can interfere with her routine and sometimes with balance." Tr. at 319. The ALJ gave "some weight" to Dr. Toor's opinion

in formulating the RFC.  TR. at 23.  Plaintiff contends that the ALJ adopted only portions of this opinion without explaining why he decided to reject the remaining portions and that this requires remand.

As a threshold matter, this Court notes that the ALJ is required to base a claimant's RFC on the record as a whole and for this reason, an RFC need not "perfectly correspond" with any particular medical opinion.  *See Tricarico v. Colvin*, 681 F. App'x 98, 101 (2d Cir. 2017) (*citing Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *see also* 20 C.F.R. § 416.920(e) (stating that "we will assess the residual functional capacity based on all the relevant medical and other evidence in your case record") (emphasis added); 20 C.F.R. § 416.945(a)(3) (stating that the adjudicator will assess the RFC based on all the relevant evidence in the case record); 20 C.F.R. § 416.913(a)(1),(4) (stating that evidence that can be considered includes objective medical evidence, such as medical signs and laboratory findings; as well as evidence from nonmedical sources, including the claimant, such as from forms contained in the administrative record).

An ALJ's RFC determination need not be based on a medical opinion.  Rather, an RFC based on treatment records, activities of daily living, portions of a medical opinion, or a combination thereof can survive judicial scrutiny.  *See Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109 (2d Cir. 2020) (finding that the ALJ's RFC was substantially supported where the ALJ relied on consultative examinations and the opinion of a State agency consultant, as well as evidence of the claimant's treatment,

which did not show that the claimant had any limitations beyond those outlined in the RFC); *see also Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982) (finding that the ALJ's RFC finding, which restricted Berry to nonstressful work, was supported by the clinical findings of an examining psychiatrist and Berry's hearing testimony); *Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir Jan. 23, 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly speaking to the physical portion of the RFC determination of sedentary work, and relying, instead, on the relevant medical findings in the treatment notes); *Monroe v. Comm'r of Soc. Sec*, 676 F. App'x. 5, 9 (2d Cir. 2017) (finding that the ALJ could rely on treatment notes and activities of daily living to formulate the RFC assessment, and rejecting the argument that a medical opinion was required); *Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016) (explaining that an ALJ looks to "all of the relevant medical and other evidence" including relevant medical reports, medical history, and statements from the claimant when assessing an applicant's RFC).

Secondly, the ALJ accommodated nearly all of the limitations assessed by Dr. Toor in the RFC and provided reasons for rejecting the remaining limitations.  For example, the ALJ found that Plaintiff had an RFC for light work, the second least physically demanding of all of the exertional categories, which requires lifting no more than 20 pounds occasionally, 10 pounds frequently, standing or walking for 6 hours, and sitting for 2 hours in an 8-hour workday.  Tr. 19, 24; 20 C.F.R. § 416.967(b).  The ALJ also limited Plaintiff to only frequent reaching with the right upper extremity.  Tr. at 19.  The ALJ apparently rejected Dr. Toor's assessment that Plaintiff's

abdominal pain, diarrhea, migraines and vertigo could interfere with her daily routine. Tr. 23-24, 319.

However, the ALJ explained his reasons for not crediting Plaintiff's gastrointestinal and other complaints upon which Dr. Toor based this particular assessment.  Specifically, he noted that:  Plaintiff's physical examinations "document generally good clinical findings with no specialized treatment for unrelenting pain or gastrointestinal issues;" Plaintiff reported in January 2018 that she had not had a diverticulitis episode since August 2017; Plaintiff had only occasional emergency room treatment for her gastrointestinal issues; she had a normal colonoscopy in January 2017, with no evidence of diverticular disease, mucosal abnormality, or neoplasia; she does not receive any specialized treatment for vertigo; and despite her purported limitations, Plaintiff was able to maintain her household and maintain appointment schedules.  Tr at 22, 24.  This Court finds that these were legally sufficient reasons for rejecting certain portions of Dr. Toor's opinion.  *See Cosme v. Colvin*, 15-cv-6121P, 2016 WL 4154280, *12 (W.D.N.Y. 2016) (rejecting the argument that the ALJ inappropriately adopted only those limitations that supported his ultimate finding, where the decision demonstrated that the ALJ carefully considered conflicting evidence and provided the basis for his decision to adopt only portions of the medical opinion).

**Collective Weighing**

Plaintiff next takes issue with the "collective weighing" of the opinions of Dr. Toor and PA Reeves in a "single paragraph." Dkt. No. 10-1, p. 19. This argument is misleading and unavailing. A review of the ALJ's opinion reveals that he dedicated a paragraph for each practitioner's opinion, offering significant details. Tr. at 21, 23. He gave weight to each practitioner's opinion ("some weight" to Dr. Toor's and "little weight" to Ms. Reeve's) and offered objective proof from the record supporting the weight assessed to each opinion. Tr. at 23. This cannot be fairly characterized as "collectively weighing" Dr. Toor's and PA Reeve's opinions.

Although the ALJ did give "some weight" to Plaintiff's "various counselors," including Katherine Pawlaczyk, LCSW, based on the fact that they were all treating sources, this does not compel remand. Neither Ms. Pawlaczyk nor Carolyn Gavett, LMHC, Plaintiff's other counselor, are acceptable medical sources whose opinions are entitled to controlling weight. See 20 C.F.R. §§ 416.913(a) (2013) (list of acceptable medical sources that does not include licensed clinical social worker or licensed mental health counselor).

Moreover, Ms. Gavett and Ms. Pawlaczyk assessed nearly identical limitations, as all of their opinions were issued on a Monroe County Department of Human Services checkbox form titled "Psychological Assessment for Determination of Employability." Tr. at 390, 394 (Ms. Gavett's opinions), 374, 378, 382, 386 (Ms. Pawlaczyk's opinions). Both counselors assessed that Plaintiff had moderate limitations

10

(defined as an inability to function 10-25% of the time) regarding her ability to attend to a routine, maintain a schedule, and perform low stress or simple tasks.  Tr. at 376, 380, 384, 392, 396, 400, 404, 408.  Ms. Gavett additionally found that Plaintiff had moderate limitations with her ability to perform complex tasks independently and to maintain attention and concentration for rote tasks.  Tr. at 392, 396. The ALJ detailed Ms. Pawlaczyk's opinions in his decision, noting that that only in September 2017 did Ms. Pawlaczyk indicate that Plaintiff was very limited.  Tr. at 22, 388.

In this regard, Ms. Gavett's opinions were largely duplicative of Ms. Pawlaczyk's opinions.  Compare Tr. at 390-97 (Ms. Gavett's opinions) with Tr. at 374-85 (Ms. Pawlaczyk's opinions).  The Second Circuit Court of Appeals has explained that remand is unnecessary, even if the ALJ ignores a treating physician's opinion, when the opinion is "essentially duplicative of evidence considered by the ALJ . . . and the report the ALJ overlooked was not significantly more favorable to the claimant than the evidence considered."  *Zabala v. Astrue*, 595 F.3d 402, 409-10 (2d Cir. 2010).

The "moderate" limitations assessed by Ms. Garrett, even if fully credited, would not warrant a more restrictive RFC than found by the ALJ.  Courts within the Second Circuit have found that even when an individual has "a marked limitation in performing a work-related function[, he or she] could [still] perform that function occasionally."  *See Uplinger v. Berryhill*, No. 18-CV-481, 2019 WL 4673437, at 7 (W.D.N.Y. Sept. 25, 2019) ("Marked limitations in mental functioning . . . do not mandate a finding of disability, but can be addressed with additional limitations to a plaintiff's

RFC, such as limiting plaintiff to simple, routine and repetitive tasks in a work environment free of fast-paced production requirements."); *see also Perry v. Comm'r of Soc. Sec.*, No. 3:15-CV-0758 (GTS), 2017 WL 5508775, at *7 (N.D.N.Y. Jan. 23, 2017); *Fiducia v. Comm'r of Soc. Sec.*, 2015 WL 4078192 at 4 (N.D.N.Y. 2015) (holding that "[t]he fact that plaintiff was found to have a marked limitation interacting with others does not conclusively demonstrate that she is unable to work, particularly given the fact that the ALJ limited plaintiff to work that does not require more than occasional interaction with the public and co-workers").

Accordingly, any error the ALJ may have committed in "collectively weighing" Ms. Gavett's and Ms. Pawlaczyk's opinions does not compel remand.

**Plaintiff's Subjective Statements**

Plaintiff argues that the ALJ erred in finding that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical and other evidence in the record. This Court disagrees. The ALJ found that Plaintiff's activities of daily living demonstrated that she was capable of functioning at a higher level than she alleged. This was not erroneous. *See Cohen v. Comm'r of Soc. Sec.*, 643 F. App'x 51, 53 (2d Cir. 2016) (finding that the ALJ properly discredited the claimant's testimony based on record evidence of her activities of daily living, including going out with friends and using public transportation to get to her doctors' appointments); *Wavercak v. Astrue*, 420 F. App'x 91, 94 (2d Cir. 2011) (holding that the claimant's admitted activities of daily living supported the ALJ's

determination); *Wolfe v. Comm'r of Soc. Sec.*, 272 F. App'x 21, 22 (2d Cir. 2008) (holding that the ALJ properly discounted claimant's assertions, regarding the intensity, persistence, and limiting effects of her symptoms, based on her statements that she attended church, shopped, and attended weekly football games); *Donnelly v. Barnhart*, 105 F. App'x 306, 308 (2d Cir. 2004) (holding that the ALJ properly discounted the plaintiff's assertions based on statements that claimant cooked dinner, folded clothes, and sewed); *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980) (noting the claimant's testimony that "despite her pains and shortness of breath, she can cook, sew, wash and shop, so long as she does these chores slowly and takes an afternoon rest," and concluding that "[t]aken as a whole, [claim]ant's testimony did not preclude the possibility that she could perform gainful activity of a light, sedentary nature").

Plaintiff clearly disagrees with the ALJ's evaluation of the evidence. However, the substantial evidence standard is so deferential that "there could be two contrary rulings on the same record and both may be affirmed as supported by substantial evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012). That is, "once an ALJ finds the facts, [a reviewing court] can reject those facts only if a reasonable factfinder **would have to conclude otherwise**." *Brault*, 683 F.3d at 448 (emphasis added). This case does not present such a situation. For all of the foregoing reasons, this Court finds that the ALJ's decision is free from legal error and is supported by substantial evidence.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is hereby DENIED, and the Commissioner's motion for judgment on the pleadings (Dkt. No. 12) is GRANTED. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

DATED:    Buffalo, New York
          September 24, 2021

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.
                                        United States Magistrate Judge**